INTERSTATE COMMERCE COMMIS-
SION, Plaintiff-Appellee,

v.

CHATSWORTH COOPERATIVE MAR-
KETING ASSOCIATION, a
Corporation,

and

John W. Howell, an Individual,
Defendants-Appellants.

No. 14968.

United States Court of Appeals
Seventh Circuit.

June 24, 1965.

Rehearing Denied Aug. 16, 1965.

Norman Miller, Earl G. Schneider, Chicago, Ill., Michael R. Galasso, Chicago, Ill., for defendants-appellants. Miller, Schneider & Galasso, Chicago, Ill., of counsel.

Arthur I. Flauman, I. C. C., Chicago, Ill., Bernard A. Gould, I. C. C. Washington, D. C., for plaintiff-appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and MERCER, District Judge.

CASTLE, Circuit Judge.

Defendants-appellants, Chatsworth Cooperative Marketing Association, a corporation, and John W. Howell, prosecute this appeal from an injunctive order of the District Court entered in an action brought by the Interstate Commerce Commission to perpetually enjoin the defendants from engaging in any for-hire

transportation business by motor vehicle in interstate or foreign commerce without authority from the Commission. By stipulation the defendants admitted the allegations of the complaint charging that the transportation operations engaged in by them were unlawful and in violation of the Interstate Commerce Act, and they limited their defense to the injunction sought to the sole ground that 49 U.S.C.A. § 322(b) [1] which empowers the Commission to apply to a district court to enjoin a violation of the Interstate Commerce Act is unconstitutional.

The defendants contend, in substance, that § 322(b) in permitting "the Commission or its duly authorized agent" to initiate judicial proceedings to enforce the Interstate Commerce Act violates the constitutional grant of executive power to the President of the United States and his agents in that the section seeks to authorize an administrative agency of government, not a branch of the executive, to exercise discretion and power exclusively vested in the executive branch of the government by the provisions of Article II, Sections 1 and 3, of the United States Constitution that "[t]he executive Power shall be vested in a President of the United States of America" * * * and * * * "he shall take Care that the Laws be faithfully executed, * * *".

 But the powers of law enforcement are not wholly assigned to the executive department. Cf. Quinn v. United States, 349 U.S. 155, 161, 75 S.Ct. 668, 672, 99 L.Ed. 964, where it is observed "those powers [powers of law enforcement] are assigned under our Constitution to the Executive and the Judiciary".

And, in our judgment, the function of initiating a judicial proceeding for the enforcement of a legislative enactment is not the exercise of a prerogative exclusively reserved to the President. It is not an action not subject to judicial check and thus appropriately one of executive province. Panama Refining Co. v. Ryan, 293 U.S. 388, 432, 55 S.Ct. 241, 79 L.Ed. 446. And the enforcement of any resulting judgment remains with the judicial or executive departments. Moreover, in Humphrey's Executor v. United States, 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611, it is recognized (295 U.S. 602, 628–629, 55 S.Ct. 869, 874) that administrative bodies, such as the Interstate Commerce Commission, created by Congress to carry into effect legislative policies embodied in the statute, act "in part quasi-legislatively and in part quasi-judicially"; to the extent such a Commission "exercises any executive function, as distinguished from executive power in the constitutional sense, it does so in the discharge and effectuation of its quasi-legislative or quasi-judicial powers, or as an agency of the legislative or judicial departments of the government", and "[t]he authority of Congress, in creating quasi-legislative or quasi-judicial agencies, to require them to act in discharge of their duties independently of executive control cannot well be doubted".

We have examined all of the cases cited and relied upon by the defendants, including Kilbourn v. Thompson, 103 U.S. 168, 26 L.Ed. 377, and Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160. In our opinion they do not sustain the defendants' contentions.

1. 49 U.S.C.A. § 322(b) provides: "If any motor carrier or broker operates in violation of any provision of this chapter (except as to the reasonableness of rates, fares, or charges and the discriminatory character thereof), or any rule, regulation, requirement, or order thereunder, or of any term or condition of any certificate or permit, the Commission or its duly authorized agent may apply to the district court of the United States for any district where such motor carrier or broker operates, for the enforcement of such provision of this chapter, or of such rule, regulation, requirement, order, term, or condition; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or by other process, mandatory, or otherwise, restraining such carrier or broker, his or its officers, agents, employees, and representatives from further violation of such provision of this chapter or of such rule, regulation, requirement, order, term, or condition and enjoining upon it or them obedience thereto."

The judgment order appealed from is affirmed. A motion, taken with the case, for reconsideration of the denial of a motion of the defendants for a protective order pending appeal, is therefore moot.

Affirmed.

SCHNACKENBERG, Circuit Judge, concurs in the result.