**INTERSTATE COMMERCE COMMISSION, Plaintiff,**

v.

**KORAL SALES, INC., et al., Defendants.**

**No. 76–C–655.**

United States District Court, E. D. Wisconsin.

Aug. 24, 1977.

Peter M. Shannon, Jr., Director, Peter A. Fitzpatrick, Chief by Attys. John S. Pope & Warren I. Cohn, Chicago, Ill., for plaintiff.

Dineen & Alexander, by Richard C. Alexander, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants Farm Lines Co-op, Inc., and Jerry Seidman, have moved to dismiss this action as to them since the action was not commenced under the supervision of the attorney general of the United States. The movants contend that this is an essential component of jurisdiction, pursuant to 28 U.S.C. §§ 516 and 519. The motion to dismiss will not be granted.

The right to conduct litigation "in which the United States, an agency, or officer

thereof is a party" is reserved to the attorney general of the United States "except as otherwise authorized by law." 28 U.S.C. § 516. A related expression is contained in § 519. The moving defendants rely upon the foregoing sections and upon *Interstate Commerce Commission v. Southern Railway Company and Central of Georgia Railroad Company,* 543 F.2d 534 (5th Cir. 1976).

In the latter case, a panel of the court of appeals for the fifth circuit determined that neither 49 U.S.C. § 16 nor § 5(8) created an exception to the attorney general's "broad authority over agency litigation" (*Southern Railway,* p. 539) under 28 U.S.C. § 516. A divided, en banc court denied a petition for rehearing. 551 F.2d 95 (1977). Section 16(12) authorizes the Commission to "apply to any district court of the United States . . . for the enforcement . . . ." Section 5(8) provides that the district courts "shall have jurisdiction upon the complaint of the Commission . . . ."

In *Southern Railway,* the court said that the district court was without jurisdiction to proceed with the case in view of the fact that the action was not brought under the supervisory power of the attorney general. Although the plaintiff in the instant case has attempted to distinguish *Southern Railway,* it is my opinion that were this action brought in a district court in the fifth circuit, *Southern Railway* would govern and would require a granting of the motion to dismiss.

There is, however, a large body of authority to demonstrate that the Interstate Commerce Commission may seek judicial enforcement of the provisions of part II of the Interstate Commerce Act under 49 U.S.C. § 322(b)(1). *McFaddin Express, Inc. et al. v. Adley Corp. et al.,* 363 F.2d 546, 549 (2d Cir. 1966), *cert. denied,* 385 U.S. 900, 87 S.Ct. 206, 17 L.Ed.2d 132 (1966); *Baggett Transportation Co. v. Hughes Transportation, Inc. and Interstate Commerce Commission,* 393 F.2d 710, 714 (8th Cir. 1968); *Consolidated Freightways v. United Truck Lines, Inc.,* 216 F.2d 543, 547 (9th Cir. 1954),

*cert. denied* 349 U.S. 905, 75 S.Ct. 582, 99 L.Ed. 1242 (1955).

It is also significant that the court of appeals for the seventh circuit has determined that the Interstate Commerce Commission could enforce the Interstate Commerce Act by bringing an action in its own name and did not thereby violate the grant of power to the executive branch. *Interstate Commerce Commission v. Chatsworth Marketing Association,* 347 F.2d 821 (7th Cir. 1965), *cert. denied* 382 U.S. 938, 86 S.Ct. 390, 15 L.Ed.2d 349 (1965), *reh. denied* 382 U.S. 1000, 86 S.Ct. 535, 15 L.Ed.2d 490 (1966).

The plaintiff has also pointed to *Interstate Commerce Commission v. Swartz et al.* (W.D.Mo., 75–CV–205–W–3, decided July 2, 1975). Although the *Swartz* case was decided prior to the decision of the court of appeals for the fifth circuit in *Southern Railway,* Judge Becker concluded that the commission had the right to institute suit under § 322(b)(1).

In my opinion, *Southern Railway* is not controlling in the instant case; the Interstate Commerce Commission has the authority to institute and maintain this action in its own name without participation by the attorney general. It follows that the defendants' motion to dismiss must be denied.

Therefore, IT IS ORDERED that the motion of the defendants Farm Lines Co-op, Inc. and Jerry Seidman be and hereby is denied.