**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellant,**

v.

**Neal Rountree YOUMANS, et al., Defendants,**

**Thomas Wendell Holliday, Defendant-Appellee.**

**No. 83–5054.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 27, 1984.

Decided March 8, 1984.

Rehearing and Rehearing En Banc Denied April 27, 1984.

Ira Paull (lead), Securities & Exchange Commission, Washington, D.C., Jacob H. Stillman, Barton S. Sacher, Securities & Exchange Commission, Atlanta Regional Office, Atlanta, Ga., Elisse B. Walter (argued), Robert Mills, Washington, D.C., for plaintiff-appellant.

James W. Gentry, Jr. (argued), Jeff Boehm, Chattanooga, Tenn., for defendant-appellee.

Before ENGEL and CONTIE, Circuit Judges, and PECK, Senior Circuit Judge.

CONTIE, Circuit Judge.

The Securities and Exchange Commission (SEC) appeals from a district court order which declined to enjoin Holliday, the defendant, from violating certain provisions of the securities laws. Although the district court, 543 F.Supp. 1292, found that both Holliday and a co-defendant, Chepul, had violated section 17(a)(1), (2) and (3) of the Securities Act of 1933 and sections 10(b), 13(a) and 14(a) of the Securities Exchange Act of 1934, the court refused to impose an injunction against Holliday under either section 20 of the Securities Act or section 21 of the Securities Exchange Act. The court did enjoin Chepul from violating the securities laws in the future. We reverse the district court's decision not to impose injunctive relief against Holliday.

The district court opinion contains an excellent recitation of facts that will not be repeated here. This case essentially involves events transpiring prior to the bankruptcy of Hamilton Bancshares, Inc. (HBI),

a bank holding company, and the failure of Hamilton National Bank (HNB), HBI's largest asset. It will suffice to say that the district court found that both Holliday and Chepul had responsibility in their respective jobs with HBI for filing reports required by the SEC. Both committed, with scienter, numerous and serious violations of the securities laws over a four-year period.

Before moving to the merits, two preliminary points must be considered. First, Holliday contends that the SEC's notice of appeal was untimely filed. Since another panel of this court has ruled that the SEC filed its appeal in timely fashion, this claim must be rejected under the law of the case doctrine. Second, Holliday argues that the district court improperly concluded that he violated the securities laws. He has not, however, cross-appealed on this point. Since filing a notice of cross-appeal is jurisdictional where an appellee wishes to attack part of a final judgment in order to enlarge his rights or to reduce those of his adversary, *see Morley Construction Co. v. Maryland Casualty Co.*, 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593 (1937); *Ford Motor Credit Co. v. Aetna Casualty & Surety Co.*, 717 F.2d 959, 962 (6th Cir. 1983), this court will not consider Holliday's arguments concerning the findings of securities laws violations. The only issue properly before this court is whether the district court erred in declining to impose injunctive relief against Holliday.

The district court's decision is reviewable under an abuse of discretion standard. *Securities and Exchange Commission v. Bonastia*, 614 F.2d 908, 913 (3d Cir.1980); *Securities and Exchange Commission v. Blatt*, 583 F.2d 1325, 1334–35 (5th Cir.1978). In applying this standard, we note that injunctions based upon the securities laws are primarily intended to protect the investing public from future misconduct. *See, e.g., Bonastia*, 614 F.2d at 912. Since the basis for such injunctions is statutory rather than equitable, "the standards of the public interest not the requirements of private litigation measure

the propriety and need for injunctive relief." *Securities and Exchange Commission v. Management Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir.1975). Thus, proof of irreparable harm and inadequacy of legal remedies need not be shown. *Id.*

The test that the district court was required to apply was whether the SEC had shown a reasonable and substantial likelihood that Holliday, if not enjoined, would violate the securities laws in the future. *See Securities and Exchange Commission v. Washington County Utility District*, 676 F.2d 218, 227 (6th Cir. 1982); *Bonastia*, 614 F.2d at 912; *Blatt*, 583 F.2d at 1334; *Management Dynamics*, 515 F.2d at 808. The following factors are relevant in determining the likelihood of future violations:

1.  the egregiousness of the violations,
2.  the isolated or repeated nature of the violations,
3.  the degree of scienter involved,
4.  the sincerity of the defendant's assurances, if any, against future violations,
5.  the defendant's recognition of the wrongful nature of his conduct,
6.  the likelihood that the defendant's occupation will present opportunities (or lack thereof) for future violations, and
7.  the defendant's age and health.

*See Washington County Utility District*, 676 F.2d at 227 & n. 19; *Blatt*, 583 F.2d at 1334 n. 29. The courts have taken care to stress that no one factor is determinative, *see, e.g., Washington County Utility District*, 676 F.2d at 227 n. 19, and that change of occupation, without more, will not provide a complete defense to the issuance of an injunction. *See Bonastia*, 614 F.2d at 913; *Securities and Exchange Commission v. Koracorp Industries, Inc.*, 575 F.2d 692, 698 (9th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978). Since a person who has violated the securities laws may change jobs at any time, the latter proposition of law clearly is correct.

■ We hold that the district court abused its discretion by focusing exclusively on the change of occupation factor. The record establishes that both Holliday and Chepul engaged, with scienter, in serious and repeated violations of the securities laws over a four-year period. Although Chepul was enjoined, Holliday was not. The only difference between the situations of the co-defendants cited by the district court was that Chepul presently is employed in a position which requires him to file reports with the SEC whereas Holliday currently is not so employed. Although the district court purported to apply the correct legal standard, it in fact erroneously treated Holliday's change of occupation as controlling the question of whether the latter would transgress the securities laws in the future. As has been indicated, change of occupation alone is no defense to the issuance of an injunction in this type of case.

The district court's judgment on the relief issue is REVERSED and the case is REMANDED with instructions to enter an appropriate injunction against Holliday.