SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Marvin WARNER, Ronnie R. Ewton,
George G. Mead, Nicholas B. Wallace,
Charles W. Streicher, Thomas F. Saunders, Timothy R. Murphy, Burton M.
Bongard, David J. Schiebel, Robert J.
Weeder, and American Savings and
Loan Association of Florida, Defendants.

FEDERAL HOME LOAN BANK
BOARD, Plaintiff,

v.

AMERICAN SAVINGS AND LOAN
ASSOCIATION OF FLORIDA,
Defendant.

Nos. 86–6742–CIV, 86–1984–CIV.

United States District Court,
S.D. Florida,
Ft. Lauderdale Division.

Feb. 2, 1987.

**648**

Arthur F. Mathews, Stephen W. Preston, Wilmer, Cutler & Pickering, Washington, D.C., Irving M. Pollack, Wheaton, Md., Richard C. Smith, Steel, Hector & Davis, Edward A. Moss, Anderson, Moss, Russo, Gievers & Cohen, Miami, Fla., for defendant American Sav. and Loan Ass'n.

Michael K. Wolensky, S.E.C., Atlanta, Ga., Nancy Van Sant, S.E.C., Charles C. Harper, S.E.C., Miami, Fla., for plaintiff S.E.C.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motions to Dismiss filed by defendant American Savings and Loan Association of Florida (ASLA). This is an action brought by the Securities and Exchange Commission (SEC) seeking to permanently enjoin defendant ASLA and the other defendants from committing future violations of federal securities laws. ASLA has filed four motions to dismiss, each based upon a separate theory. Each motion will be considered separately below.

### I. UNCONSTITUTIONAL DELEGATION OF ENFORCEMENT AUTHORITY

ASLA moves to dismiss the complaint for lack of subject matter jurisdiction. ASLA contends that the authority of the SEC to seek injunctive relief in district court violates the separation of powers doctrine. ASLA argues that because Art. II, § 3 of the Constitution commands the President to "take care that the laws be faithfully executed," Congressional delegation of enforcement power to the SEC is unconstitutional.

The doctrine of separation of powers is designed to keep "each of the three general departments of government entirely free from the control or coercive influence, direct or indirect, of either of the others." *Humphrey's Executor v. United States,* 295 U.S. 602, 630, 55 S.Ct. 869, 874, 79 L.Ed. 1611 (1935). "The Constitution does not contemplate an active role for Congress in the supervision of officers charged with the execution of the laws it enacts." *Bowsher v. Synar,* —— U.S. ——, ——, 106 S.Ct. 3181, 3187, 92 L.Ed.2d 583 (1986).

In *Bowsher,* the Court held that Congress unconstitutionally delegated the authority to determine spending reductions to the Comptroller General. The Comptroller General is removable from office at the initiative of Congress and may be removed either by impeachment or "at any time" by joint resolution of Congress. 31 U.S.C. § 703(a)(2). The Court concluded that the Comptroller General is subservient to Congress. *Id.* at ——, 106 S.Ct. at 3191. The Court held that "[b]ecause Congress had retained removal authority over the Comptroller General, he may not be entrusted

with executive powers." *Id.* at ——, 106 S.Ct. at 3191.

In *Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), the Court held that the civil enforcement authority of the Federal Elections Committe was unconstitutional because several members of the Commission were appointed by Congress and not by the President. The court noted that the President was charged with the duty to enforce the laws. Consequently, the Court held that only "officers of the United States" appointed pursuant to Art. II, § 2, cl. 2, of the Constitution could initiate civil actions to enforce federal laws.

It is important to note, however, that the Court did not hold the delegation of enforcement authority to the Commission unconstitutional *per se.* Instead, the Court ·stayed that portion of its judgment affecting the authority of the Commission to conduct civil enforcement actions for thirty days. The limited stay was designed to "afford Congress an opportunity to reconstitute the Commission by law or to adopt other valid enforcement mechanisms without interrupting enforcement of the provisions the court sustain[ed]...." *Buckley,* 424 U.S. at 143, 96 S.Ct. at 693.

The present case involves the power of the Securities and Exchange Commission to seek injunctive relief prohibiting violations of federal securities laws. Unlike the situations in *Bowsher* and *Buckley,* Congress has neither the power to appoint or remove (except for impeachable offenses) the Commissioners of the Securities and Exchange Commission. The President appoints the Commissioners pursuant to 15 U.S.C. § 78d(a). Although the statute establishing the Commission is silent regarding the removal of Commissioners, members of independent agencies such as the SEC are generally removable by Congress only for impeachable offenses. *See Bowsher v. Synar,* —— U.S. at ——, n. 4, 106 S.Ct. at 3188, n. 4.

■ The court cannot conclude that the authority of the SEC to seek injunctive relief interferes with the power of the President to enforce the laws. Congress exercises no control over the actions of the Commissioners of the SEC. *See I.C.C. v. Chatsworth Cooperative Marketing Association,* 347 F.2d 821 (7th Cir.), *cert. denied,* 382 U.S. 938, 86 S.Ct. 390, 15 L.Ed.2d 349 (1965). Accordingly, the Motion to Dismiss for Lack of Subject Matter Jurisdiction by Virtue of Unconstitutional Delegation of Enforcement Authority must be DENIED.

## II. STATUTORY REMOVAL OF ENFORCEMENT AUTHORITY

Under section 12(i) of the Securities and Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78*l*(i), the authority to administer and enforce the reporting and proxy provisions of the 1934 Act against ASLA lies with the Federal Home Loan Bank Board ("FHLBB"). ASLA argues therefore, that the SEC lacks authority to enforce the antifraud provisions of section 17(a) of the 1933 Act, section 10(b) of the 1934 Act and Rule 10b–5 promulgated thereunder.

■ ASLA fails to note, however, that section 12(i) does not grant the FHLBB the authority to enforce the antifraud provisions. Instead, section 12(i) limits the FHLBB's jurisdiction to several specific provisions of the 1934 Act. Conspicuously absent from the grant of jurisdiction to the FHLBB is the enforcement of section 10(b). "Where Congress has consistently made express its delegation of a particular power, its silence is strong evidence that it did not intend to grant the power." *Marshall v. Gibsons's Products, Inc. of Plano,* 584 F.2d 668, 676 (5th Cir.1978) *quoting Alcoa Steamship Co. v. Federal Maritime Commission,* 121 U.S.App.D.C. 144, 146, 348 F.2d 756, 758 (1965).

The difference in the actions brought by the SEC and the FHLBB against ASLA underscores the court's conclusion that Congress did not intend to vest enforcement of the antifraud provisions of the securities laws with the FHLBB. The SEC alleges that ASLA perpetuated a fraud on its shareholders and the investing public generally. On the other hand, the FHLBB

contends that ASLA made untrue statements of material facts and reported misleading facts in its periodic reports.

The fact that there may well be some overlap between the functions of the SEC and the FHLBB is neither unusual nor unfortunate. *See Securities & Exchange Commission v. National Securities, Inc.*, 393 U.S. 453, 468, 89 S.Ct. 564, 572–73, 21 L.Ed.2d 668 (1969) (upholding SEC's antifraud powers over insurance companies despite States' authority to regulate proxy solicitations). The FHLBB is authorized to regulate the reporting and proxy registration requirements of savings and loan associations because of the unique needs of thrift institutions. Nevertheless, the SEC must, and does, maintain authority to regulate savings and loan associations in the event of fraud. Accordingly, ASLA's Motion to Dismiss for Lack of Subject Matter Jurisdiction by Virtue of the Statutory Removal of Enforcement Authority is DENIED.

### III. FAILURE TO STATE ADEQUATE CLAIM FOR INJUNCTIVE RELIEF

ASLA moves to dismiss the complaint arguing that the SEC has not pled the required factual allegations to support a proper showing for equitable injunctive relief. To seek injunctive relief, the SEC must show a reasonable likelihood or cognizable danger that ASLA will commit statutory violations in the future. *Securities and Exchange Commission v. Carriba Air, Inc.*, 681 F.2d 1318 (11th Cir.1982).

ASLA argues that the SEC has pled no facts to show ASLA is likely to violate securities laws in the future. ASLA claims that only past management had the necessary scienter and that the SEC has failed to allege probative facts to establish ASLA's propensity under its present management team to commit fraud.

ALSA's contentions are a matter of proof. The test for deciding a motion to dismiss is whether the facts alleged, if proven, would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The SEC has alleged past violations of federal securities laws. The proof of past violations of securities laws gives rise to an inference that future violations may occur. *Securities and Exchange Commission v. Washington County*, 676 F.2d 218 (6th Cir. 1982). Accordingly, the court concludes that the SEC has set forth sufficient allegations to survive this motion. The Motion to Dismiss for Failure to State Adequate Claim for Injunctive Relief must be DENIED.

### IV. "IN CONNECTION WITH" THE PURCHASE OR SALE OF SECURITIES

In its complaint, the SEC alleges that ASLA failed to disclose material facts and issued material statements regarding its dealings with E.S.M. Counts VII and VIII of the complaint charge that ASLA's actions violated § 17(a) of the 1933 Act and § 10(b) of the 1934 Act, respectively.

Section 17(a) requires that the alleged fraud be used directly in the offer or sale of securities. Section 10(b) requires that the alleged actions be "in connection with" the sale or purchase of securities. The complaint merely alleges that ASLA's stock is publicly traded on the New York Stock Exchange. ASLA moves to dismiss Count VII upon the ground that the SEC has failed to allege any facts showing a sale or purchase of securities. ASLA also moves for dismissal of Count VIII, arguing that the SEC has failed to allege a fraud "in connection with" the sale or purchase of securities.

A fraud under § 17(a) must be committed *in the offer or sale of any securities.* 15 U.S.C. § 77q(a). The terms "offer" and "sale" are defined at 15 U.S.C. § 77b(3). The term "sale" includes "every contract of sale or disposition of a security or interest in a security, for value." The term "offer" includes "every attempt or offer to dispose of or solicitation of an offer to buy, a security or interest in a security, for value."

The Supreme Court has stated that § 17(a) "was intended to cover any fraudulent scheme in an offer or sale of securities, whether in the course of an initial

distribution or in the course of ordinary trading." *United States v. Naftalin,* 441 U.S. 768, 778, 99 S.Ct. 2077, 2084, 60 L.Ed.2d 624 (1979). It is unclear whether the § 17(a) requirement that the fraud be "in" the offer or sale connotes a narrower range of activities than does the "in connection with" requirement of § 10(b). *Id.* at 772, n. 4, 99 S.Ct. at 2081, n. 4.

■ Nevertheless, the court concludes that the SEC has failed to plead any facts that suggest that ASLA committed a fraud in the offer or sale of securities or interest in securities as defined in 15 U.S.C. § 77b(3). Therefore, ASLA's Motion to Dismiss Count VII of the complaint is GRANTED.

■ On the other hand, ASLA's Motion to Dismiss Count VIII of the complaint must be DENIED. Rule 10(b) is to be read flexibly, not technically or restrictively. It bars "deceptive devices and contrivances in the purchase or sale of securities whether conducted in the organized markets or face to face." *Superintendent of Insurance v. Bankers Life and Casualty Co.,* 404 U.S. 6, 12, 92 S.Ct. 165, 169, 30 L.Ed.2d 128 (1971). It has been held that the "in connection with" requirement is satisfied when "it may reasonably be expected that a publicly disseminated document will cause reasonable investors to buy or sell securities in reliance thereon." *Securities and Exchange Commission v. Savoy Industries,* 587 F.2d 1149, 1171 (D.C.Cir.1978); *Securities and Exchange Commission v. Texas Gulf Sulphur,* 401 F.2d 833, 860 (2nd Cir. 1968).

■ The SEC has alleged that the purported fraud of ASLA affected the trading of ASLA's stock on the open market. The court finds that Count VIII of the complaint withstands the motion to dismiss. Accordingly, the Motion to Dismiss Count VIII of the complaint is DENIED.

In light of the foregoing discussion, it is hereby

ORDERED AND ADJUDGED:

1. The Motion to Dismiss for Lack of Subject Matter Jurisdiction by Virtue of Unconstitutional Delegation of Enforcement Authority of defendant ASLA be and the same is DENIED.

2. The Motion to Dismiss for Lack of Subject Matter Jurisdiction by Virtue of Statutory Removal of Enforcement Authority of Defendant ASLA be and the same is DENIED.

3. The Motion to Dismiss for Failure to State an Adequate Claim for Injunctive Relief of defendant ASLA be and the same is DENIED.

4. The Motion to Dismiss for Failure to State a Claim for Fraud "In Connection With" the Purchase or Sale of Securities of defendant ASLA be and the same is GRANTED in part and DENIED in part. Count VII of the complaint is DISMISSED. Count VIII of the complaint shall remain standing.

Defendant ASLA shall file its answer to the complaint in this action no later than twenty (20) days from the date of this Order.