979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
CLASSIC MINING CORPORATION; et al., Defendants,
A. Leonard Varah, Defendant-Appellant.
 No. 92-5078.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1992.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 A. Leonard Varah appeals pro se from the district court's judgment for the Security and Exchange Commission ("SEC") in a civil enforcement action brought under 15 U.S.C. §§ 77 and 78. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, a jury found Varah guilty of conspiracy to commit mail fraud, mail fraud and securities fraud. His conviction was recently affirmed by the Tenth Circuit Court of Appeals United States v. Varah, No. 87-2320 (10th Cir. July 30, 1992) (unpublished). On November 14, 1991, the district court granted the SEC's motion for summary judgment in the civil case against Varah. As a result, the court enjoined Varah from committing further violations of the securities laws and ordered him to disgorge the illegally gained profits from his previous fraudulent activities. It is from this judgment that Varah now appeals.
 
 
 3
 In his initial brief, Varah argued that he was denied due process when the district court: 1) placed his case on the court's retired docket for several months; 2) ignored his motion to dismiss the SEC's summary judgment motion; 3) denied his motion for an extension of time to respond to the summary judgment motion; 4) denied his motion to compel the SEC to provide him with copies of the authorities cited in support of its motion; 5) relied on his criminal conviction before it was affirmed on appeal; and 6) issued a permanent injunction when he had not violated a preliminary injunction. He also raises several additional arguments in his reply brief.
 
 
 4
 Upon de novo review, we conclude that the district court did not abuse its discretion with regard to any of Varah's first four claims. Varah's fifth claim lacks merit because his criminal conviction was a final judgment for collateral estoppel purposes and it has now been affirmed. See Hunt v. Liberty Lobby, Inc., 707 F.2d 1493, 1495-96 (D.C.Cir.1983). His sixth claim lacks merit because the district court correctly evaluated Varah's propensity to commit securities fraud in the future. See SEC v. Youmans, 729 F.2d 413, 415 (6th Cir.), cert. denied, 469 U.S. 1034 (1984). Varah's remaining arguments will not be considered because they were not raised in his initial brief on appeal. Wright v. Holbrook, 794 F.2d 1152, 1156 and 1157 (6th Cir.1986).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.